UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:22-CR-00025-1-JRG-CRW |
| | ) | |
| TERRANCE LAMONT HINES, JR. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the United States' First Motion in Limine Regarding Bifurcated Trial [Doc. 147], which Defendant Terrance Lamont Hines, Jr., does not oppose. In moving for a bifurcated trial, the United States notes that, in Counts Fifteen and Sixteen of the Superseding Indictment [Doc. 81], it charges Mr. Hines with being an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). The ACCA requires the Court to impose a fifteen-year mandatory minimum sentence for a defendant who violates 18 U.S.C. § 922(g)—the very violations with which the United States charges Mr. Hines in Counts Fifteen and Sixteen—if that defendant "has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or serious drug offense, or both, *committed on occasions different from one another*." 18 U.S.C. § 924(e)(1) (emphasis added). This italicized language is known as the "occasions clause" of the ACCA.

According to the United States, "Hines has indicated that he will stipulate to his felon status and knowledge of felon status at trial" but "will not stipulate that his prior convictions occurred on different occasions and is willing to have a jury make that finding." [United States' Mot. at 2]. The United States therefore requests, and so does Mr. Hines, a bifurcated trial, at which a jury would determine the factual question of whether Mr. Hines committed his prior offenses on different occasions. In support of this request, the United States relies on *Wooden v. United States*, 142 S. Ct. 1063 (2022). In *Wooden*, the issue was whether the defendant qualified

1

as an armed career offender under the ACCA. More specifically, the Supreme Court addressed whether the defendant—who had burgled ten separate storage units on a single night—had committed his crimes on the same occasion or on ten separate occasions. *Wooden*, 142 S. Ct. at 1069. The Supreme Court held that the defendant did not qualify as an armed career offender because he committed his crimes on the same occasion and not on ten separate occasions. *Id.* In reaching this holding, the Supreme Court reasoned that the defendant's crimes took place on the same night, in the same building, and as part of the same scheme; indeed, he had burgled the ten storage units in the same facility, one after the other, by "'crushing the interior drywall' between them." *Id.* at 1067, 1069–71. So unlike offenses that occurred "a day or more apart" or "at a 'significant distance,'" the defendant's offenses occurred on one occasion. *Id.* at 1071.

In *Wooden*, however, the Supreme Court expressly declined to address whether a jury rather than a judge must engage in the occasions-different inquiry, *id.* at 1068 at n.3, and yet, "in light of *Wooden*," the United States asserts that this Court should allow a jury to make this inquiry on Mr. Hines's behalf. [United States' Mot. at 2]. In this circuit, the "settled rule" is that a judge, at sentencing, has license to conduct the occasions-different analysis himself by relying on so-called *Taylor* and *Shepard* documents—i.e., on the indictment, judgment, plea agreement, plea colloquy, and similar judicial records with indica of reliability. *United States v. Lovell*, No. 20-6287, 2023 WL 1879530, at *4 (6th Cir. Feb. 10, 2023); *see United States v. Burgin*, 388 F.3d 177, 186 (6th Cir. 2004); *see also United States v. Belcher*, 40 F.4th 430, 432 (6th Cir. 2022); *United States v. Williams*, 39 F.4th 342, 351 (6th Cir. 2022). The Sixth Circuit has held that *Wooden* does not disturb this settled rule because the Supreme Court declined to address whether the Sixth Amendment requires a jury and not a judge to conduct the occasions-different inquiry. *United States v. Hunley*, No. 20-6285, 2023 WL 2446762, at *3 (6th Cir. Mar.

10, 2023). Also, at least one district court in this circuit has held that when the United States moves for a jury to perform the occasions-different analysis "without citing a single judicial decision (either before or since *Wooden*) in support," "this Court remain[s] bound by precedent to deny that [motion]." *United States v. Durham*, ___ F. Supp. 3d ___, 2023 WL 1926893, at *1, 6 (W.D. Ky. Feb. 11, 2023).

But as far as this Court can discern, the Sixth Circuit's precedent does not categorically prevent it from reserving the occasions-different analysis for a jury's deliberation. The Sixth Circuit has said that "a sentencing judge *may*," not must, "answer the question of whether prior offenses were 'committed on occasions different from one another,'" *Williams*, 39 F. 4th at 351 (emphasis added) (quotation omitted)—language that is permissive, not mandatory. In fact, the Sixth Circuit, in a similar situation, has affirmed a district court's decision to hold a bifurcated trial at which it tasked a jury with deciding whether a defendant had committed prior offenses. *See United States v. Fields*, 53 F.4th 1027, 1043 (6th Cir. 2022) (ruling that the district court did not err when, in response to the United States' filing of a notice of intent to seek an enhanced penalty under 21 U.S.C. § 851, it held a two-phased trial at which the jury, in the first phase, considered the defendant's guilt as to the substantive drug offense and, in the second phase, considered whether the defendant had been convicted of two serious drug felonies).

Besides, the issue of whether a defendant has committed offenses on different occasions is a factual determination, *Burgin*, 388 F.3d at 185, which not only makes it inherently suitable for a jury's deliberation but also, as a non-legal issue, makes it inherently suitable for the parties to agree by stipulation that a jury should decide it. *See Neuens v. City of Columbus*, 303 F.3d 667, 670 (6th Cir. 2002) ("Issues of *law* are the province of courts, not of parties to a lawsuit, individuals whose legal conclusions may be tainted by self-interest. Courts, accordingly, are not

3

bound to accept as controlling, stipulations as to questions of *law*." (emphasis added) (internal quotation marks and quotation omitted))). In sum, the Court is comfortable, particularly in light of the fact that the parties are in agreement, with holding a bifurcated trial and permitting the jury to perform the occasions-different analysis in this case. The United States' First Motion in Limine Regarding Bifurcated Trial [Doc. 147] is therefore **GRANTED**, and the Court will hold a bifurcated trial at which the jury, if necessary, will decide whether Mr. Hines committed his prior offenses on occasions different from one another.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
