UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:22-CR-00025-1-JRG-CRW |
| | ) |
| TERRANCE LAMONT HINES, JR. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Terrance Lamont Hines, Jr.'s Pro Se Motion to Review Counsel [Doc. 180] and the United States' Response [Doc. 200]. For the reasons herein, the Court will deny Mr. Hines' motion.

## I. BACKGROUND

Earlier this year, a petit jury convicted Mr. Hines of multiple drug and firearm offenses after a four-day trial, including the offense that the United States charged in Count One of the superseding indictment: a conspiracy to distribute a mixture or substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. [Verdict Form, Doc. 172, at 1]. In convicting Mr. Hines of this offense, the jury made two crucial findings. First, it found that the amount of fentanyl attributable to him was 400 grams or more, and second, it found that death resulted from the use of the fentanyl—that is, that the overdose victim, Terri Garber, died from her use of the fentanyl that Mr. Hines had conspired to distribute. [*Id.* at 2]. The jury's findings triggered the enhanced penalty under § 841(b)(1)(A), which provides that a defendant, "if death or serious bodily injury results from the use of such substance[,] shall be [sentenced to a term of imprisonment] not less than 20 years or more than life."

Now, Mr. Hines has filed a post-verdict pro se motion in which he makes two requests: first, he entreats the Court to "review the performance of his counsel" and, second, he moves the

Court to declare a mistrial based on his belief that his attorney's performance at trial was ineffective. [Def.'s Mot. at 1–2]. The United States opposes his motion. Having carefully considered the parties' arguments, the Court is now prepared to rule on Mr. Hines' motion.

## II. ANALYSIS

As to Mr. Hines' first request, which consists of his contention that he "is in fear for his life in regards to counsel representing him for sentencing," [*id.* at 1], United States Magistrate Judge Cynthia R. Wyrick recently appointed new counsel to represent Mr. Hines at sentencing. [Order, Doc. 219]. So to the extent Mr. Hines requests new counsel in his motion, his motion [Doc. 180] is **DENIED as moot**.

As to Mr. Hines' second request in his motion—i.e., his request for a mistrial—the Court would ordinarily review this request under Federal Rule of Criminal Procedure 26.3, which governs mistrials, but because it is a *post-verdict* request for a mistrial, the Court must review it under Federal Rule of Criminal Procedure 33, which governs motions for new trials. *See United States v. Flynn*, No. 2:19-CR-208, 2023 WL 2552741, at *1 n.2 (S.D. Ohio Mar. 17, 2023) ("Both the Court and the parties have casually referred to Defendant's request as one for a 'mistrial.' However, because the jury has returned a verdict, the Court construes Defendant's motion as one for a new trial under Federal Rule of Criminal Procedure 33." (citing *United States v. Koubriti*, 435 F. Supp. 2d 666, 673 (E.D. Mich. 2006))); *Sanders v. Ford*, No. 3:16-cv-02763, 2017 WL 3888492, at *8 (M.D. Tenn. Sept. 6, 2017) ("A mistrial is granted in a case in which the jury is discharged without a verdict; a motion for new trial is made after a judgment has been rendered." (quotation omitted)); *United States v. Emanuel*, No. 3:10-CR-307-2, 2011 WL 13187293, at *2 (E.D. Va. June 10, 2011) ("The Defendant provides no authority to establish the procedural propriety of a post-verdict motion for a mistrial. Thus, the Court will construe this 'Motion for

2

Mistrial' as a motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure." (citation omitted)); *see also Downum v. United States*, 372 U.S. 734, 736 (1963) (recognizing that a mistrial involves the "discharge[] [of] the jury *before* it has reached a verdict" (emphasis added)); *United States v. Rivera*, 634 F. App'x 213, 215 (10th Cir. 2015) (finding no error in the trial court's ruling that it "lacked the power to entertain a postverdict motion for a mistrial"); *United States v. Alvarez-Moreno*, 657 F.3d 896, 900–01 (9th Cir. 2011) ("[T]he district court's authority to order a new trial *after* a verdict has been entered is governed by Rule 33.").

Rule 33 states that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Although Rule 33 does not define the term "interests of justice," the Sixth Circuit has stated that "the 'interests of justice' standard is met where substantial legal error has occurred in the course of the trial." *United States v. Wiggins*, 784 F. App'x 919, 926 (6th Cir. 2019) (citing *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010)). In lieu of expressly arguing that the interests of justice require a new trial under Rule 33, Mr. Hines maintains that his attorney's "misconduct, ineffectiveness [and] inadequate representation at trial" violated his constitutional rights and that "the outcome of [his] case would have been different if" not for his attorney's alleged errors. [Def.'s Mot. at 2]. In response, the United States contends that Mr. Hines' "argument . . . is better suited for review under 28 U.S.C. § 2255." [United States' Resp. at 3 (quotation omitted)].

When a defendant like Mr. Hines challenges his conviction by raising the specter of ineffective assistance of counsel, he normally can succeed only by satisfying the familiar *Strickland* test, a two-pronged test that requires him to establish deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Although the United States is correct in that *Strickland*'s application most frequently arises in the context of motions for

3

collateral relief under 28 U.S.C. § 2255 and § 2254, "[t]he *Strickland* standard is a general one, so the range of reasonable applicable is substantial." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citation omitted). In this vein, the Sixth Circuit, in *Donaldson v. Bova*, 552 F. App'x 554 (6th Cir. 2014), affirmed a district court's use of the *Strickland* standard "as a guidepost" for declaring a mistrial, though in *Bova*, unlike in Mr. Hines' case, the jury had not yet reached a verdict, *id.* at 563. The question of whether this Court—*post-verdict*—can or should address Mr. Hines' allegations of ineffective assistance of counsel without the filing of a formal § 2255 motion is more dubious. *See id.* at 561 ("[A]fter the jury returns a conviction, the defendant would then be required to engage in collateral attack of his conviction based on the flaw that was readily apparent to the trial judge."); *see also Wallace v. Havener*, 552 F.2d 721, 724 (6th Cir. 1977) ("When the jury hands down a . . . verdict, a final judgment is rendered on the counts upon which the jury has reached agreement.").

But even if the Court were to assume, without deciding, that it has license to consider Mr. Hines' post-verdict allegations of ineffective assistance of counsel under Rule 33, and that ineffective assistance of counsel qualifies as a "substantial legal error" under Rule 33, it would not conclude that his allegations have merit. *Wiggins*, 784 F. App'x at 926. Under *Strickland*, the Court reviews Mr. Hines' allegations for "errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment of the Constitution. *Strickland*, 466 U.S. at 687. "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010) (citations omitted). Indeed, "[c]ounsel's performance is strongly presumed to be effective." *Jones v. Bell*, 801 F.3d 556, 562 (6th Cir. 2015) (quotation omitted); *see Thelen v. United States*, 131 F. App'x 61, 63 (6th Cir. 2005) ("A deferential standard of review applies to ineffective assistance claims. A defendant must show that counsel's representation was so

4

'thoroughly ineffective that defeat was 'snatched from the jaws of victory.'" (quoting *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996))); *see also Strickland*, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." (citation omitted)).

Mr. Hines contends that his attorney was deficient in his performance because he (1) "fail[ed] to submit autopsy reports to the court[] showing proof of [his] innocents [sic]," (2) "refuse[d] to object [and] file any motions in [his] defense," and (3) failed "to hire a [sic] expert witness." [Def.'s Mot. at 2]. As to his first contention, Mr. Hines looks past the fact that the medical doctor who performed Ms. Garber's autopsy, Dr. Andrea Orvik, testified that Ms. Garber's cause of death was fentanyl and oxycodone, and that she went on to specify that the "concentration of oxycodone alone without the fentanyl would not have been lethal." [Trial Tr. (on file with the Court)].[1] In light of Dr. Orvik's testimony that the autopsy revealed Ms. Garber died from a fentanyl overdose, the Court fails to see, and Mr. Hines fails to explain, how the autopsy report could have possibly showed his innocence. *See Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999) (recognizing that "[c]ounsel could not be unconstitutionally ineffective for failing to raise [a] meritless argument").

In similar fashion, Mr. Hines fails to identify the objections or motions that his attorney should have made on his behalf or to explain how those objections or motions would have been

---

[1] In this vein, the Court instructed the jury as follows: "The government, however, is not required to prove that the controlled substance was Ms. Garber's only cause of death. To the contrary, but-for causation exists when the use of the controlled substance combines with other factors to produce death, and death would not have occurred without the incremental effect of the controlled substance. The government need not prove that Ms. Garber's death was foreseeable to the defendant." *See United States v. Volkman*, 797 F.3d 377, 392 (6th Cir. 2015).

5

merit-worthy. Mr. Hines cannot establish deficient performance on his attorney's part merely by faulting him for not making an unspecified objection or motion. Rather, he must show that the objection or motion in question would have been fruitful. *See Brown v. McKee*, 231 F. App'x 469, 475 (6th Cir. 2007) (stating that "[t]rial counsel's failure to bring a meritless suppression motion cannot constitute ineffective assistance'" (alteration in original) (quotation omitted))); *see also Brown v. United States*, No. 20-6206, 2021 WL 1561481, at *2 (6th Cir. Mar. 31, 2021) (stating that "counsel cannot be deemed ineffective for failing to file a meritless motion" (citing *Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010))). Mr. Hines does not attempt to make this showing.

Finally, Mr. Hines' conclusory, skeletal allegation that his attorney was ineffective for failing "to hire a [sic] expert witness" is inadequate to establish deficient performance under *Strickland*'s highly deferential standard. [Def.'s Mot. at 1]. Rather than retain an expert to challenge Dr. Orvik's testimony, Mr. Hines' attorney decided to cross examine her, and the Court will not, and cannot, "second-guess" his decision without more substantive allegations that cast a pall of unreasonableness over it. *Strickland*, 466 U.S. at 689; *see Esparza v. Sheldon*, 765 F.3d 615, 624 (6th Cir. 2014) (rejecting the petitioner's argument that his attorney could have "impeached [an adverse witness] more effectively by calling an expert" because "[t]his is precisely the sort of tactical judgment *Strickland* counsels against second-guessing" (citing *id.* at 689)); *Samatar v. Clarridge*, 225 F. App'x 366, 372 (6th Cir. 2007) ("[T]he failure to call an expert and instead rely on cross-examination does not constitute ineffective assistance of counsel. . . . even if the wisdom of such an approach is debatable." (citation and quotation omitted)).

In sum, Mr. Hines falls well short of demonstrating that his attorney committed a substantial legal error by rendering ineffective assistance of counsel at trial, *Wiggins*, 784 F. App'x at 926, and his motion [Doc. 180], to the extent he requests a new trial under Rule 33, is therefore **DENIED**. The Court, however, would be remiss if it did not expressly state that, in ruling on the merits of Mr. Hines' allegations under *Strickland*'s two-part test, it confines its ruling to the parameters of Rule 33 and Rule 33 alone. In other words, the Court did not at any point convert Mr. Hines' Rule 33 motion to a § 2255 motion. *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002) ("[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion under § 2255" unless they first notify the defendant and give the defendant the chance to respond. (quotation omitted)). Mr. Hines therefore remains free to exercise his right to file a timely § 2255 motion once his conviction and sentence become final. *See* 28 U.S.C. § 2255(f).

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
