# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:22-CR-00025-1-JRG-CRW |
| ) | |
| TERRANCE LAMONT HINES, JR. ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the United States's Amended Notice of Objections to Presentence Report [Doc. 273] and Defendant Terrance Lamont Hines, Jr.'s Objection to Revised Presentence Investigation Report [Doc. 276]. For the reasons herein, the Court will overrule as moot the United States's objections and will sustain in part and overrule in part Mr. Hines's objections.

## I. BACKGROUND

In 2022, a federal grand jury charged Mr. Hines with multiple drug offenses under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, as well as firearms offenses:

- Count One: conspiring to distribute at least 400 grams of a mixture or substance containing fentanyl, with death resulting from the use of that fentanyl, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A);

- Counts Ten, Eleven, and Twelve: distributing fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C);

- Count Thirteen: possessing with intent to distribute at least forty grams of a mixture or substance containing fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B);

- Count Fourteen: possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c); and

- Counts Fifteen and Sixteen: possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

[Superseding Indictment, Doc. 81, at 1–7]. Mr. Hines originally filed a notice of intent to plead guilty to Counts Ten, Eleven, Twelve, Thirteen, Fifteen, and Sixteen and to proceed to trial on Counts One and Fourteen. [Def.'s Am. Notice of Intent to Plead Guilty, Doc. 124, at 1]. He later, however, elected not to plead guilty to any of these charges and to press on to trial on all eight of them. A petit jury convicted him of all eight charges. [Verdict Form, Doc. 172, at 1–5].

Mr. Hines's convictions trigger several statutorily enhanced penalties. The first of them applies to his conviction under Count One, a violation of § 841(a)(1) and (b)(1)(A). In reaching a guilty verdict, the jury made two crucial findings. First, it found that the amount of fentanyl attributable to him was 400 grams or more, and second, it found that death resulted from the use of the fentanyl—that is, that the overdose victim, Terri Garber, died from her use of the fentanyl that Mr. Hines had conspired to distribute. [*Id.* at 2]. The jury's findings expose him to an enhanced penalty under § 841(b)(1)(A), which provides that "if death or serious bodily injury results from the use of such substance," the defendant "shall be [sentenced to a term of imprisonment] not less than 20 years or more than life." This mandatory minimum sentence of twenty years must run consecutively to, or "in addition to," a mandatory minimum sentence of five years for his conviction under Count Fourteen, for possessing a firearm in furtherance of the drug-trafficking offense in Count One. 18 U.S.C. § 924(c)(1)(A)(i).

Mr. Hines's convictions under Count One and Count Thirteen also carry additional, i.e., separate, enhanced penalties because the United States, prior to trial, had filed a notice of enhancement under 21 U.S.C. § 851, which authorizes the United States to seek "increased punishment by reason of one or more prior convictions . . . if [it] files an information . . . stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a)(1). In the notice, the

2

United States expressed its intent to pursue enhanced penalties based on two of Mr. Hines's prior convictions:

- Convicted on or about May 24, 2006 of Possession of .5 Grams or More of Cocaine for Resale, in the Criminal/Circuit Court of Sullivan County, Tennessee, case number S48949, offense date June 28, 2003. A sentence of 10 years [sic] imprisonment to be served as a Standard Offender at 30% release eligibility was imposed.

- Convicted on or about May 24, 2006 of Possession of .5 Grams or More of Cocaine for Resale, in the Criminal/Circuit Court of Sullivan County, Tennessee, case number S50255, offense date July 22, 2004. A sentence of 8 years [sic] imprisonment to be served as a Standard Offender at 30% release eligibility was imposed.

[United States's § 851 Notice, Doc. 101, at 1]. For Mr. Hines's conviction under Count One, a violation of § 841(a)(1) and (b)(1)(A), the United States's notice under § 851 exposes him to the following enhanced penalty: "If any person commits such a violation [of this subparagraph] after a prior conviction for a serious drug felony has become final . . . and if death or serious bodily injury results from the use of such substance," that person "shall be sentenced to life imprisonment." 21 U.S.C. § 841(b)(1)(A). For Mr. Hines's conviction under Count Thirteen, a violation of § 841(a)(1) and (b)(1)(B), the United States's notice under § 851 exposes him to the following enhanced penalty: "If any person commits . . . a violation [of this subparagraph] after a prior conviction for a serious drug felony . . . has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment." *Id.* § 841(b)(1)(B).

In addition to the statutory enhancements under § 841(b)(1)(A) and (b)(1)(B), Mr. Hines faces further statutory enhancements for his convictions under Counts Ten, Eleven, and Twelve, all violations of § 841(a)(1) and (b)(1)(C). Mr. Hines's convictions under each of these counts expose him to the following enhanced penalties: "If any person commits . . . a violation [of

3

this subparagraph] after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years[.]" 21 U.S.C. § 841(b)(1)(C).[1] In short, the maximum sentence for Counts Ten, Eleven, and Twelve is thirty years.

Finally, during trial, the parties stipulated that Mr. Hines had committed three previous offenses—(1) possessing .5 grams or more of cocaine for resale, committed in Sullivan County, Tennessee, with an offense date of June 28, 2003; (2) possessing .5 grams or more of cocaine for resale, committed in Sullivan County, Tennessee, with an offense date of July 22, 2004; and (3) aggravated burglary, committed in Sullivan County, Tennessee, with an offense date of December 1, 2015. The jury found that Mr. Hines had committed each of these offenses on occasions different from one another, [Second Verdict Form, Doc. 175, at 1–2], and the United States now describes these offenses as "qualifying offenses" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), [United States's Revised Objs., Doc. 273, at 1]. The ACCA requires the Court to impose a fifteen-year mandatory minimum sentence for a defendant who violates § 922(g)(1)—the very violations that the jury convicted Mr. Hines of in Counts Fifteen and Sixteen—if that defendant "has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or serious drug offense, or both, *committed on occasions different from one another*." 18 U.S.C. § 924(e)(1) (emphasis added).[2]

With the dizzying array of statutory provisions and enhancements at play in Mr. Hines's upcoming sentencing hearing, the United States Probation Office, in preparing and filing a Presentence Investigation Report [Doc. 207], neglected to account for them all. Specifically, the

---

[1] Section § 841(b)(1)(C), like § 841(b)(1)(A), contains an enhancement stating that "if death or serious bodily injury results from the use of such substance," the defendant "shall be sentenced to life imprisonment," but the United States did not seek this enhancement under Counts Ten, Eleven, and Twelve.

[2] This italicized language is known as the "occasions clause" of the ACCA.

Probation Office did not incorporate into the PSR the provisions and enhanced penalties that apply to Mr. Hines under § 841, prompting the United States to object to the PSR. *See* [United States's Objs., Doc. 208, at 1 (arguing that "[t]he PSR fails to consider the applicability of the enhanced sentencing provisions of 21 U.S.C. § 841 when calculating the applicable sentences for each violation of 21 U.S.C. § 841, including Counts 1, 10, 11, 12, and 13")]. The United States also objects to the Probation Office's failure to classify Mr. Hines as an armed career criminal under the ACCA. [United States's Revised Objs. at 1].

In omitting the ACCA's enhanced penalties from the PSR, and in omitting the enhanced penalties under § 841, the Probation Office acknowledged its mistakes, *see* [Addendum, Doc. 279, at 1–2], and it filed a Revised Presentence Investigation Report [Doc. 275], in which it made the necessary revisions, *see* [*id.* at 1–3]. Because the Probation Office took corrective measures to address each of the United States's objections, and because the United States raises no objections to the revised PSR, the United States's objections are **OVERRULED as moot**.

With these corrections in place, the Probation Office went on to compute Mr. Hines's total offense level and his criminal history score. In calculating the offense level, the Probation Office grouped Counts One, Ten, Eleven, Twelve, and Thirteen and grouped Counts Fifteen and Sixteen, [Revised PSR ¶¶ 33–34]; *see* USSG § 3D1.2(d), and arrived at a total offense level of 38, [Revised PSR ¶ 54]; *see* USSG § 2D1.1(a)(5). In tallying this offense level, the Probation Office concluded that Mr. Hines had "not clearly demonstrated acceptance of responsibility for the offense," and it therefore did not include a reduction for acceptance of responsibility under USSG § 3E1.1. [Revised PSR ¶ 53]. The Probation Office then concluded that Mr. Hines, based on his previous convictions for possession of cocaine for resale in Sullivan County in June 2003 and in July 2004, qualified as a career offender under the sentencing guidelines—specifically

under USSG § 4B1.1,[3] [*id.* ¶¶ 62, 64, 78],[4] which resulted in a criminal history category of VI, [*id.* ¶ 78]; *see* USSG § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI."). With a total offense level of 38 and a criminal history category of VI, Mr. Hines has an advisory guidelines range of 360 months to life imprisonment. [Revised PSR ¶ 108].

Mr. Hines now objects to the PSR on three grounds. The United States has responded to his objections and contends that the Court should sustain one of them but overrule the others. Having carefully reviewed and considered the parties' arguments, the Court is now prepared to rule on Mr. Hines's objections.

## II. ANALYSIS

In objecting to the PSR, Mr. Hines first argues that the enhanced penalties arising from the United States's § 851 notice violate his Sixth Amendment right to have a jury decide facts that increase a statutory maximum or mandatory-minimum punishment. [Def.'s Revised Objs. at 1–2]. In Mr. Hines's view, the jury had to determine whether each of the two offenses in the notice were "a serious drug felony,"[5] a term that appears in § 841(b)(1)(A) and (b)(1)(B), before he could be subject to the enhancements under § 841(b)(1)(A) and (b)(1)(B), and the jury never made this determination at trial. The United States agrees with Mr. Hines's objection, [United

---

[3] USSG § 4B1.1 increases a defendant's offense level if the defendant is a "career offender." Under USSG § 4B1.1, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a).

[4] Mr. Hines also has a prior conviction for aggravated domestic assault, and the Probation Office determined that this offense also operates as a predicate offense for the career-offender designation under § 4B1.1. [Revised PSR ¶ 74]. Mr. Hines does not contest the Probation Office's determination that this conviction constitutes a predicate offense under § 4B1.1. [Def.'s Objs., Doc. 267, at 2].

[5] A "serious drug felony" means an offense under the Controlled Substances Act for which "the offender served a term of imprisonment of more than 12 months" and "the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense." 21 U.S.C. § 802(57)(A)–(B).

States's Resp., Doc. 278, at 5–6], and his objection is therefore **SUSTAINED**. The Court will not apply § 841(b)(1)(A)'s enhanced penalty of life for his conviction under Count One, nor will it apply § 841(b)(1)(B)'s enhanced penalty of ten years to life for his conviction under Count Thirteen.

Next, Mr. Hines objects to his career-offender designation under § 4B1.1(b) and to the fact that the PSR does not contain a reduction for acceptance of responsibility under § 3E1.1. [Def.'s Revised Objs. at 2–5]. The United States urges the Court to overrule both objections. The Court will now rule on Mr. Hines's remaining objections.

### A. Mr. Hines's Objection to the Career-Offender Designation under § 4B1.1(b)

A defendant qualifies as a career offender under § 4B1.1(b) if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). Under § 4B1.2(b), a "controlled substance offense" is any offense under federal or state law that carries a custodial sentence exceeding one year and (1) "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture" or (2) "is an offense described in 46 U.S.C. § 70503(a) or § 70506(b). USSG § 4B1.2(b)(1)–(2).

Mr. Hines contends that his career-offender status under § 4B1.1(b) is illegal under the Sixth Circuit's decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019). [Def.'s Revised Objs. at 3]. In *Havis*, the Sixth Circuit held the Sentencing Commission's "use of commentary to add attempt crimes to the definition of 'controlled substance offense' [in § 4B1.2(b)'s main text] deserves no deference." *Havis*, 927 F.3d at 387.[6] So in *Havis*'s wake, attempt offenses do

---

[6] The Sentencing Commission has since "add[ed] language to the guideline similar to the commentary's prior text," United States v. Dorsey, 91 F.4th 453, 459 (6th Cir. 2024) (citing Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28,254, 28,275–76 (May 3, 2023), and "[t]he guideline itself now covers 'the offenses of aiding

7

not qualify as predicate offenses under § 4B1.1 and therefore cannot trigger the career-offender designation. *Id*. According to Mr. Hines, his drug-related convictions in Sullivan County—possession of .5 grams or more of cocaine for resale, with an offense date of June 28, 2003, and possession of 5 grams or more of cocaine for resale, with an offense date of July 22, 2004—cannot serve as predicate offenses in light of *Havis*. [Def.'s Revised Objs. at 3].

Mr. Hines's argument is a cadaverous one, consisting of a single sentence in which he contends, in passive voice, that "[s]ince [he] is being sentenced under the Guidelines Manual in existence at the time of the indictment it is believed that the two drug felony cases would not serve as predicates under *Havis*[.]" [Def.'s Revised Objs. at 3]. The lack of any effort at legal analysis on Mr. Hines's part leaves the Court confused as to how and why, exactly, Mr. Hines believes that *Havis* annuls his career-offender status. More specifically, Mr. Hines makes no appreciable legal argument that *Havis*'s holding is expansive enough to apply to offenses of possession of a controlled substance for resale.

But in any case, the burden is on the United States to show, by a preponderance of the evidence, that Mr. Hines's prior convictions for possession of cocaine for resale qualify as controlled substance offenses under § 4B1.1. *United States v. Anglin*, 601 F.3d 523, 530 (6th Cir. 2010); *United States v. Wright*, 43 F. App'x 848, 851 (6th Cir. 2002). Oftentimes, when determining whether a defendant's prior convictions qualify as controlled substance offenses under § 4B1.1, the Court applies a "categorial approach," which first requires "an examination of the fact of conviction and the statutory definition of the predicate offense." *United States v. Arnold*, 58 F.3d 1117, 1121 (6th Cir. 1995) (citing *Taylor v. United States*, 495 U.S. 575 602

---

and abetting, attempting to commit, or conspiring to commit' any controlled substance offense or crime of violence," *id.* (quoting USSG § 4B1.2(d)).

(1990)); *see Wright*, 43 F. App'x at 851 ("To determine whether the defendant's prior convictions constitute controlled substance offenses under § 4B1.1, we utilize a 'categorical approach[.]'").

If the relevant statute has the same definitions or elements as those in the guidelines, then the prior conviction can serve as a predicate offense. *Descamps v. United States*, 570 U.S. 254, 260–61 (2013); *Stinson v. United States*, 508 U.S. 36, 39–41 (1993). Or, phrased a little differently, "[i]f the least culpable conduct criminalized by a statute falls outside the definition in § 4B1.2, then a conviction under that statute does not qualify as a controlled-substance offense for purposes of the career-offender enhancement." *United States v. Thomas*, 969 F.3d 583, 584 (6th Cir. 2020) (citing *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)). When an examination of the statutory definition of the predicate offense does not clearly resolve matters, the Court may then rely on so-called *Taylor* and *Shepard* documents—i.e., the indictment, judgment, plea agreement, plea colloquy, and other judicial records with similar indicia of reliability—to ascertain the nature of the prior conviction. *United States v. Wynn*, 579 F.3d 567, 571–72 (6th Cir. 2009); *Arnold*, 58 F.3d at 1124.

In this case, however, the Court cannot fathom any reason to construct an analysis under the categorical approach. Again, the parties stipulated at trial that Mr. Hines committed the two prior offenses of possession of cocaine for resale in Sullivan County, so the Court has no need to conduct an "examination of the fact of conviction." *Arnold*, 58 F.3d at 1121 (citation omitted). Nor does the Court have any need to look to "the statutory definition of the predicate offense" and decide whether it matches the definitions or elements in § 4B1.2(b), *id.* (citation omitted), because neither party asks the Court to do so. The only argument before the Court is that *Havis*, as a matter of precedent, bars the offense in question—possession of a controlled substance for resale—from acting as a predicate offense under § 4B1.1. To defeat this pure legal argument,

9

the United States, as the party with the burden, essentially has to prove a negative: that *Havis* does not in fact bar possession of a controlled substance for resale from serving as a predicate offense under § 4B1.1.

In attempting to meet its burden, the United States asserts that *Havis* cannot avail Mr. Hines because it applies only to inchoate offenses and possession of cocaine for resale is not an inchoate offense. [United States's Resp. at 7]. The Court agrees. *See United States v. Garth*, 965 F.3d 493, 497 (6th Cir. 2020) (stating that "possession with intent to deliver is a completed crime, not an attempted one that *Havis* puts beyond the guidelines' reach"); *compare United States v. Miller*, 34 F.4th 500, 505–06 (6th Cir. 2022) (limiting *Havis* to its specific facts); *with United States v. Cordero*, 973 F.3d 603, 626 (6th Cir. 2020) (recognizing that "the specific facts of *Havis* involved an attempt crime" (quotation omitted)); *see generally United States v. Bailey*, 444 U.S. 394, 405 (1980) (observing that "the law of inchoate offenses" consists of crimes "such as attempt and conspiracy"). The United States, therefore, meets its burden of showing that Mr. Hines's previous convictions for possession of cocaine for resale qualify as controlled substance offenses under § 4B1.1.

Besides, even if *Havis* does invalidate Mr. Havis's career-offender designation, as he maintains, its invalidation would not affect his advisory guidelines range. *See United States v. Ward*, 506 F.3d 468, 476 (6th Cir. 2007) ("Sentencing Guidelines range errors that do not affect a defendant's sentence are harmless and do not require a remand for re-sentencing," so long as they "'did not affect the district court's selection of the sentence imposed.'" (quoting *Williams v. United States*, 503 U.S. 193, 203 (1992))). With 19 countable criminal history points and a total criminal history score of 21, [Revised PSR ¶¶ 75, 77], Mr. Hines easily surpasses the 13 criminal history points necessary for a criminal history category of VI—the highest possible

category—even without the career-offender enhancement. His objection to his career-offender status under § 4B1.1(b) is therefore, for all the reasons the Court has stated, **OVERRULED**.

### B. Mr. Hines's Objection to the Absence of a Reduction under § 3E1.1

Lastly, Mr. Hines objects to the Probation Office's non-inclusion of a reduction for acceptance of responsibility under USSG § 3E1.1, which states that "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." USSG § 3E1.1(a). Mr. Hines acknowledges, as he must, that "it is generally the case that a defendant is not granted the two level reduction if [he] proceed[s] to trial," but he argues "that there is no blanket prohibition." [Def.'s Revised Objs. at 2]. To support his argument, he quotes one § 3E1.1's comment notes: "Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial." [*Id.* (quoting U.S. Sent'g Guidelines Manual § 3E1.1 cmt. n.2 (U.S. Sent'g Comm'n 2021))].

According to Mr. Hines, the record justifies a two-level reduction for acceptance of responsibility because he provided the United States with notice of his intent to plead guilty to Counts Ten, Eleven, Twelve, Thirteen, Fifteen, and Sixteen and to proceed to trial on Counts One and Fourteen. [*Id.* at 3]. He also attempts to stake his claim to the reduction by contending that "no one suggested [he] even knew [Ms. Garber] and she was removed from any distribution by [him] by multiple levels." [*Id.*]. The thrust of this argument is that, in his view, "[c]hallening causation was not a frivolous defense in this case." [*Id.*]. He also asserts, without citing to the record, that "there may have been confusion by the defense on the question of 'possessing' a firearm as opposed to 'using' or 'carrying' a firearm and what it takes for there to be a conviction

11

after *Bailey v. United States*, 516 U.S. 137 (1995)." [*Id.*]. The gestalt of this contention, again, is that his decision to proceed to trial was neither wasteful of the United States's nor the Court's time and resources. [*Id.*].

The United States disagrees. It emphasizes that a defendant's entitlement to the two-level reduction under § 3E1.1(a) is rare and requires a defendant to *clearly* demonstrate acceptance of responsibility for his criminal transgressions. [United States's Resp. at 7]. Indeed, the guideline itself and the very commentary note on which Mr. Hines relies both say as much. *See* USSG § 3E1.1(a) (stating that a defendant must "*clearly* demonstrate[] acceptance of responsibility" (emphasis added)); U.S. Sent'g Guidelines Manual § 3E1.1 cmt. n.2 (recognizing that when a defendant proceeds to trial, he may demonstrate acceptance of responsibility only "[i]n *rare* situations" (emphasis added)); *see also United States v. Theunick*, 651 F.3d 578, 588 (6th Cir. 2011) ("In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial." (quoting U.S. Sent'g Guidelines Manual § 3E1.1 cmt. n.2)); *see generally United States v. Douglas*, 634 F.3d 852, 862 (6th Cir. 2011) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." (alteration in original) (footnote omitted) (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993))). The United States also emphasizes—and correctly so—that unlike with Mr. Hines's prior objection under § 4B1.1, the burden rests on him to establish his entitlement to the two-level reduction under § 3E1.1(a). *See United States v. Trevino*, 7 F.4th 414, 431 (6th Cir. 2021) ("The defendant bears the burden of showing that he has accepted responsibility." (quotation omitted)).

The central question is whether Mr. Hines chose to proceed to trial to contest his factual guilt or to preserve issues unrelated to his factual guilt. *Id.* at 432; *see id.* at 431–32 ("The acceptance of responsibility reduction 'is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse.'" (quoting U.S. Sent'g Guidelines Manual § 3E1.1 cmt. n.2))). The answer to that question is, unequivocally, that he sought to challenge his factual guilt. First off, he admits he put the United States to its burden of proof on the factual elements that comprised the charges against him, acknowledging that "[t]he [trial] transcripts clearly show that he contested (1) who may have been responsible for the drugs that lead [sic] to the [Ms. Garber's] death, (2) that she may have died from a combination of drug interactions[,] and (3) that another drug may [have] been the but-for causation of her death." [Def.'s Revised Objs. at 3]. Each of these statements is an accurate account of the trial record and an illustration of Mr. Hines's intent to proceed to trial so he could fight for an acquittal.

In addition, his post-trial actions reinforce the conclusion that he contested his factual guilt at trial. *See generally* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); *United States v. Graham-Wright*, 715 F.3d 598, 601 (6th Cir. 2013) ("When all is said and done, a sentencing judge's inquiry is 'broad in scope,' and it is 'largely unlimited either as to the kind of information he may consider, or the source from which it may come.'" (quoting *United States v. Tucker*, 404 U.S. 443, 446 (1972))). Mr. Hines, for instance, filed a motion for a mistrial and faulted his attorney for not mounting a robust defense during trial. Specifically, he argued that his attorney (1) "fail[ed] to submit autopsy reports to the court[] showing proof

13

Case 2:22-cr-00025-JRG-CRW Document 281 Filed 04/29/24 Page 13 of 14 PageID #: 3941

of [his] innocents [sic]," (2) "refuse[d] to object [and] file any motions in [his] defense," and (3) failed "to hire a [sic] expert witness." [Def.'s Mot. for Mistrial, Doc. 180, at 2]. These three arguments, like the record as a whole, indisputably establish that Mr. Hines proceeded to trial in the hope of defeating the charges against him, and the call is not a close one. He therefore fails to meet his burden of demonstrating that he accepted responsibility under § 3E1.1(a), and his objection is **OVERRULED**.

### III. CONCLUSION

The United States's objections [Doc. 273] are **OVERRULED as moot.** Mr. Hines's objections [Doc. 276] are **SUSTAINED in part and OVERRULED in part**. His objection to the enhanced penalties that would have accompanied the United States's notice under § 851 are **SUSTAINED**. The Court will not apply § 841(b)(1)(A)'s enhanced penalty of life for his conviction under Count One, nor will it apply § 841(b)(1)(B)'s enhanced penalty of ten years to life for his conviction under Count Thirteen. Mr. Hines's objection to his career-offender designation under § 4B1.1(b) and his objection to the absence of a two-level reduction under § 3E1.1(a) are **OVERRULED**.

So ordered.

ENTER:

                                           s/J. RONNIE GREER
                                      UNITED STATES DISTRICT JUDGE